UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROLLAND WEDDELL,<br><br>                          Plaintiff,<br>    v.<br>JAMES T. RUSSELL, et al.,<br><br>                        Defendants. | Case No. 3:14-cv-0115-MMD-WGC<br><br>ORDER<br><br>(Def.'s Motion to Dismiss — Dkt. No. 21). |

**I.  SUMMARY**

Before the Court is Defendants' Motion to Dismiss. (Dkt. no. 21.) For the reasons discussed below, the Motion is granted.

**II.  BACKGROUND**

Plaintiff asserts claims against individual defendants who are "Nevada State Court Judges." (Dkt. no. 20, ¶ 2.) The claims arise from Defendants' adjudication of a dispute involving Plaintiff's assertion of ownership interest in certain shares of stock in a company, H2O Inc. ("Stock Action"). Plaintiff disagrees with Defendants' previous judicial decisions in the Stock Action. He also contends that the First Judicial District Court and the Nevada Supreme Court (collectively referred to as "the State Courts") lacked subject matter jurisdiction over the claims or personal jurisdiction over the parties in the Stock Action.

Defendants move to dismiss Plaintiff's Second Amended Complaint ("SAC") on several grounds. The Court agrees that dismissal is appropriate under the *Rooker-Feldman* doctrine and the judicial immunity doctrine, and declines to address the remaining grounds.

## III. DISCUSSION

### A. The *Rooker-Feldman* Doctrine

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal of a claim or action for lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,* 546 F.3d 981, 984-85 (9th Cir.2008). Pursuant to Rule 12(b)(1), a defendant may assert that the *Rooker-Feldman* doctrine deprives a federal district court of subject matter jurisdiction. *See, e.g., Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858 (9th Cir.2008); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.2003).

The *Rooker–Feldman* doctrine states that federal district courts may not exercise subject matter jurisdiction over a de facto appeal from a state court judgment.[1] *See Rooker v. Fid. Trust Co.,* 263 U.S. 413, 414–17 (1923); D.*C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983). The doctrine applies when a federal plaintiff "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from the state court judgment based on that decision...." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir.2003). As part of a refusal to hear a forbidden de facto appeal, a federal district court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir.2005) (*quoting Noel*, 341 F.3d at 1158). To determine if an action operates as a de facto appeal, the court "pay[s] close attention to the relief sought by the federal-court plaintiff." *Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir.2012) (quoting *Bianchi*, 334 F.3d at 990).

///

///

---

[1] State court litigants may only achieve federal review of state court judgments by filing a petition for a writ of certiorari in the Supreme Court of the United States. *Feldman*, 460 U.S. at 482.

2

Here, Plaintiff is essentially asking the Court to review the State Courts' decisions in the Stock Action. However, his requested relief constitutes a forbidden de facto appeal of multiple state court orders. *See Noel*, 341 F.3d at 1163 (explaining that a de facto appeal occurs when a plaintiff complains of a "legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants"). To provide Plaintiff with the relief he seeks would require this Court to analyze the State Courts' alleged legal errors and void the original order and the appeal, which is equivalent to an appellate review falling squarely within the confines of *Rooker-Feldman*. Moreover, the Court may not review any issues "inextricably intertwined" with issues addressed by the State Court. *See Doe*, 415 F.3d at 1042-43 (requesting that a federal district court undo a judgment based on an issue resolved by the state court constitutes a de facto appeal). As such, Plaintiff's claims are barred under the *Rooker–Feldman* doctrine and the Court accordingly dismisses Plaintiff's SAC with prejudice.

### B.   Judicial Immunity

Even if the Court were to construe Plaintiff's claims not as a de facto appeal, but as alleging wrongful conduct by the Defendants in handling the Stock Action, Plaintiff's claims would be barred under the doctrine of judicial immunity.[2]

It is well established that judges who perform judicial functions are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* at 11 (*citing Pierson v. Ray*, 386 U.S. 547, 554 (1967)). In *Mireles*, the United States Supreme Court explained the rationale for giving judicial officers absolute immunity:

> Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of

---

[2]In light of Plaintiff's *pro se* status, the Court must liberally construe his SAC. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

3

> justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

*Id.* (quoting *Bradley v. Fisher,* 13 Wall. 335, 347, 20 L. Ed. 646 (1872)).

To the extent Plaintiffs' claims are based on challenges to the performance of Defendants' judicial functions and decisions made in the handling of Plaintiff's Stock Action, Defendants are entitled to judicial immunity. *See Mireles*, 502 U.S. at 11. Plaintiff is foreclosed from asserting claims against Defendants.

**IV.   CONCLUSION**

It is therefore ordered that Defendants' Motion to Dismiss (dkt. no. 21) is granted. Claims against Defendants are dismissed with prejudice. The Clerk of Court is directed to enter judgment in Defendants' favor and close this case.

DATED THIS 31st day of March 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE